<u>**FOR PUBLICATION**</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
--------------------------------------------------------x
In re:

      William H. and Ruth E. Nichols,

                Debtors.

--------------------------------------------------------x

--------------------------------------------------------x
In re:

     Laurie A. Hart,

                Debtor.

--------------------------------------------------------x

Chapter 7
Case No. 06-35696

Chapter 7
Case No. 06-35687

**MEMORANDUM DECISION DENYING UNITED STATES TRUSTEE'S
MOTION TO DISMISS CASE FOR CAUSE PURSUANT
TO 11 U.S.C. §§ 707(a), 109(h)(1) and 521(b)**

<u>**A P P E A R A N C E S**</u>**:**

Eric J. Small, Esq.
For the United States Trustee
74 Chapel Street, Suite 200
Albany, New York 12207

Thomas J. Murphy, Esq.
For Debtors William H. and Ruth E. Nichols
717 Broadway
Newburgh, NY 12550

William R. Kohler, Esq.
For Debtor Laurie A. Hart
Kohler & Barnes, P.C.
300 Westage Business Center Dr.
Fishkill, NY 12524

**CECELIA G. MORRIS, U. S. B. J. :**

In the matter *In re Elemendorf*, 345 B.R. 486 (Bankr. S.D.N.Y. 2006)[1] this Court

determined, under 11 United States Code ("U.S.C.") Sections 109, 301 and 362, it had the

authority to strike rather than dismiss petitions of would-be debtors who had not undergone the

requisite credit counseling prior to filing their bankruptcy petitions as required by 11 U.S.C.

Section 109(h)(1).[2]

Currently, the United States Trustee has moved to dismiss petitions of debtors William

and Ruth Nichols and Laurie Hart under 11 U.S.C. Sections 109(h), 521(b)[3] and 707(a).[4]  The

Court must now determine whether, under certain circumstances, noncompliance with Section

109(h) can be excused, and if so, whether the Court can consider the admitted error of counsel in

---

[1]  This finding was upheld by Judge Brieant *sub nom. Adams v. Finlay*, 2006 WL 3240522 (S.D.N.Y. 2006) and is currently on appeal to the United States Court of Appeals for the Second Circuit.

[2] 11 U.S.C. Section 109(h)(1)

(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

[3] 11 U.S.C. Section 521, "Debtor's Duties"

(b) In addition to the requirements under subsection (a), a debtor who is an individual shall file with the court—
    (1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and
    (2) a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency referred to in paragraph (1).

[4] 11 U.S.C. Section 707(a)

The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including--
    (1) unreasonable delay by the debtor that is prejudicial to creditors;
    (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
    (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

his interpretation of Section 109(h)(3)(B)[5] or the fact that counsel misfiled debtor's motion for a waiver under Section 109(h)(3)(B) when deciding whether to excuse noncompliance with 11 U.S.C. Section 109(h).

For the reasons set forth below, this Court denies the United States Trustee's motions to dismiss both matters.

## **JURISDICTION**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1334(a), 28 U.S.C. Section 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. The instant matters are core proceedings, pursuant to 28 U.S.C. Section 157(b).

## **BACKGROUND FACTS**

*In re William H. and Ruth E. Nichols*

William and Ruth Nichols (hereinafter "Nichols" or "Debtors") first filed their joint Chapter 7 petition, with the assistance of counsel, on Friday July 14, 2006. Their attorney filed the petition using outdated forms, and upon realizing his error, he filed an amended petition on

---

[5] 11 U.S.C. 109(h)(3)

 (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
    (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
    (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
    (iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

Tuesday July 18, 2006.  The amended petition still contained an error; the section of the petition titled "Certification Concerning Debt Counseling by Individual/Joint Debtor(s)" was not marked to indicate whether or not Debtors had received credit counseling during the 180-day period prior to filing their petition.[6]   In addition, no motion for an extension of time to file their credit counseling certificate under 11 U.S.C. Section 109(h)(3) was ever filed.  As the record reflects, Mr. and Mrs. Nichols completed credit counseling on the same day their amended petition was filed and filed certificates of credit counseling with the Court two days later, on July 20, 2006.

The United States Trustee moved on October 12, 2006 to dismiss Debtors' petition because they did not receive credit counseling within the 180-day period preceding the filing of their bankruptcy petition.  The Trustee conceded that Debtors had filed a certificate evidencing that they did receive credit counseling from an approved agency counseling service pursuant to 11 U.S.C. Section 109(h) and the counseling was obtained the same day their amended petition was filed.

Debtors' counsel filed an Affirmation in Opposition to the Trustee's motion explaining he "construed … 11 U.S.C. § 109(h) to provide that the credit counseling requirement be completed and certification submitted within 45 days of filing the bankruptcy petition …" and "due to law firm mistake in misconstruing the … provision, Debtors' petition was inadvertently filed without a credit counseling certificate or application to extend the debtors' time in which to do so."

*In re Laurie A. Hart*

Laurie Hart (hereinafter "Hart" or "Debtor"), filed a voluntary Chapter 7 petition on July 11, 2006 along with a Motion to Extend Time for Credit Counseling.  The Court denied debtor's

---

[6] This section can be found in the center of page 2 of Official Form 1 (10/05).

motion because it was unsigned.   But for the motion being unsigned, the motion to extend complied with 11 U.S.C. Section 109(h)(3)(A): specifically the motion described exigent circumstances that merit a waiver of the requirements of 11 U.S.C. Section 109(h)(1) and stated that the Debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the five day period beginning on the date on which the Debtor made that request; with both of these provisions being met, the motion was satisfactory to this Court.

Ms. Hart filed an amended motion on July 13, 2006.   The motion was signed by both Debtor and her counsel and was dated July 11, 2006 – the same day she filed her petition.   For reasons that remain unclear, Debtor's amended motion was not timely brought to the Court's attention, and, for that reason alone, the Court did not grant a waiver.   Debtor obtained counseling from an approved credit-counseling provider on August 9, 2006 and filed her certificate on August 10, 2006.

On October 6, 2006, the United States Trustee moved to dismiss this case for failure to obtain an exemption from the credit-counseling requirement outlined in 11 U.S.C. Section 109(h), 11 U.S.C. 707(a) and 11 U.S.C. 521(b).   Debtor's counsel filed an objection to the United States Trustee's motion explaining that Debtor had "manually signed the [first] Request and the electronic filing was amended upon learning of the Court's decision [denying the motion] on July 13, 2006."

## DISCUSSION

### A. Legal Standards

Two sister courts, the District of Vermont and the Eastern District of New York, have issued decisions discussing whether bankruptcy courts, under appropriate circumstances, can excuse the requirement in Section 109(h) that a debtor must obtain credit counseling prior to filing where a debtor does not request an extension of time to do so. These decisions are discussed below.

#### 1. *In re Hess*

In this matter two debtors, Michael Hess and Danielle Madore, filed separate Chapter 7 petitions without proof of pre-petition credit counseling or motions requesting permission of an extension of time to obtain credit counseling. *In re Michael Hess*, 347 B.R. 489 (Bankr. D. Vt. 2006). Mr. Hess believed he obtained prepetition credit counseling prior to filing but later learned that that the agency was not an authorized provider as of the date of the session. Mr. Hess attended another credit counseling session and filed his certificate of credit counseling 11 days after filing his petition. Ms. Madore's attorney "suffered a life threatening medical event (advanced breast cancer that required immediate medical intervention, multiple surgeries and radiation treatment) at the time the Debtor was preparing to file for bankruptcy relief." *Hess* at 493. While debtor's attorney was recovering from surgery, an employee of her law office found the petition and believing it was complete, filed it with the court. Unbeknownst to the employee, the petition was being held until the debtor completed her credit counseling and submitted her certificate to be included with the filing. Ms. Madore obtained credit counseling four days after her petition was filed.

6

The *Hess* court found that dismissing either debtor's case would be manifestly unjust because the debtors' noncompliance with 11 U.S.C. Section 109(h) was the result of extraordinary circumstances that were beyond their individual control. *Hess* at 499-500. In the instance of Mr. Madore, the credit counseling agency he attended to obtain pre-petition counseling failed to articulate the difference between regular credit counseling and credit counseling sessions which comply with provisions outlined in the new bankruptcy law so there was not fault on Mr. Madore's part. *Id.* at 499. Likewise, Ms. Hess did everything in her power to timely obtain credit counseling prior to filing, except the petition was filed sooner than she expected. *Id.* at 500.

### 2. *In re Ginsberg*

In *Ginsberg*, debtor's counsel filed her Chapter 7 petition on August 9, 2006 without indicating whether she had received pre-petition counseling. *In re Doris Ginsberg*, 2006 WL 3353810 (Bankr. E.D.N.Y. Nov. 13, 2006). In addition, debtor's petition did not request a waiver or temporary exemption from the credit counseling requirement under 11 U.S.C. Section 109(h)(3). On August 22, 2006 debtor obtained credit counseling and filed her certificate with the court. The court held a hearing to determine why debtor's case should not be dismissed for failure to comply with Section 109(h)(1). *Ginsberg* at *1. At the conclusion of the hearing the court found "that the only reason Debtor filed her bankruptcy petition without obtaining credit counseling was because of her attorney's ignorance of the credit counseling requirement." *Id.* at *2.

### 3. *Extension of Hess*

This Court concurs with *Hess's* holding that a bankruptcy court "has the authority to exercise discretion when determining whether to dismiss a case based on upon a debtor's failure to meet the eligibility requirement of § 109(h) in cases where to decline to exercise discretion

7

would result in manifest injustice, first because judicial discretion is permitted [under the Code and] second, because Congress has not specifically circumscribed judicial discretion in connection with the credit counseling requirements (as it has in other provisions of BAPCPA)." *Hess* at 497.

*Hess* explains that while when reviewing a motion alleging noncompliance with 11 U.S.C. Section 109(h), the court must also consider 11 U.S.C. Section 707(a) in its analysis. Section 707 is the exclusive statutory mechanism for dismissing Chapter 7 cases and specifically Section 707(a) "imposes no mandate for the dismissal of any case, but reserves such outcome to the sound discretion of the court in those instances where cause is demonstrated." *Id.* at 496 citing *In re Oliver*, 279 B.R. 69, 70 (Bankr. D. Conn. 2002). Under Section 707(a), "the bankruptcy court must balance the equities and consider the benefits and prejudice of dismissal." *Id.* citing *In re Blue*, 4 B.R. 580, 584 (Bankr. D. Md. 1980).

In *Adams v. Finlay*, the District Court reviewed this Court's authority to strike rather than dismiss petitions of debtors who do not obtain credit counseling prior to filing for bankruptcy relief. The court held that the issue was one of law, specifically "the extent of judicial power." *Adams v. Finlay*, 2006 WL 3240522 at *3. The District Court upheld this Court's decision to strike a petition rather than dismiss under certain circumstances and cited to 11 U.S.C. Section 105(a), which permits a bankruptcy court to "make any determination necessary or appropriate … to prevent an abuse of process." *Id.* at *5 (quoting 11 U.S.C. 105(a)). The court further stated:

> [W]here Congress has not explicitly directed bankruptcy courts to a required outcome, the court may act within its discretion, as of course instructed by, and limited by the Code. Our court of appeals has upheld, in another context, the bankruptcy court's general equitable powers as set forth in 11 U.S.C. § 105 which must and can only be exercised within the confines of the Bankruptcy Code."[7]

---

[7] Judge Brieant also makes the following observation in the *Adams v. Finlay* decision:

*Id.* (citing *Northwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) and *F.D.I.C. v. Colonial Realty Co.*, 966 F.2d 57, 59 (2d Cir. 1992)).  Based on the holdings and analysis in the *Hess* and *Adams* decisions, this Court concludes that it has the authority to excuse a debtor's failure to comply with 11 U.S.C. 109(h).  The Court will now consider the circumstances under which such non-compliance should be excused.

*Hess* set out a six-criteria "totality of the circumstances" test for courts to consider when determining whether a debtor's petition should be dismissed under 11 U.S.C. Section 707(a) for failure to comply with 11 U.S.C. Section 109(h)(3):

1.  Whether the debtor filed the case in good faith.

2.  Whether the debtor took all reasonable steps to comply with the statutory requirements.

3.  Whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor.

4.  Whether the debtor's conduct meets the minimum requirements of 11 U.S.C. Section 109(h).

5.  Whether any party would be prejudiced by allowing the case to proceed.

6.  Whether there are any unique equitable factors that tip the balance in one direction or the other.

*Hess*, 347 B.R. at 498.  Using these criteria, this Court now turns to the Nichols and Hart matters.

---

"Although modern courts generally act to relieve *pro se* litigants (and also careless lawyers) from inadvertent defaults or procedural failures, Congress has, by its terms, so constructed § [109(h)] that it is impossible to relieve a non-compliance even in the most compelling situation, where no credit counseling has been obtained or certified to have been timely sought and not obtained within five days of a request for same."

*Adams v. Finlay*, 2006 WL 3240522 at *2.  The Court notes that the situations of Mr. and Mrs. Nichols and Ms. Hart are distinguishable from the matters before the Court in *In re Elmendorf*, which was affirmed by *Adams*.  Mr. and Mrs. Nichols obtained credit counseling the same day they filed their amended petition.  If not for their counsel's misunderstanding of Section 109(h)(3)(B), they would have complied by timely obtaining credit counseling or make a motion to extend at the time their first petition was filed, just two business days prior.  Ms. Hart's counsel inadvertently misfiled her motion for a waiver and but for this mistake, the Court would have granted her 30 day extension.  Ms. Hart filed her certificate within the 30-day period.  By contrast, the debtors in *Elmendorf* either failed to obtain credit counseling or seek an extension thereof, or the Court denied their requests for extension on the merits. *See also*, this Court's decision in *In re Rios*, 336 B.R. 177, 179 (Bankr. S.D.N.Y. 2005), striking the case where the debtor "neither sought credit counseling prior to filing the bankruptcy petition nor made the appropriate certification to the Court evidencing eligibility for an exemption."

In Nichols, the record shows that both Mr. and Mrs. Nichols were first time bankruptcy filers, satisfying *Hess's* first factor, that the petition was filed in good faith.  Debtors completed credit counseling the same day they filed their amended petition.  The Court believes the fact credit counseling was completed the same day they filed their amended petition satisfies the second *Hess* criteria, that debtors take all reasonable steps to comply with the statute's requirements.  Furthermore, as of the date of this decision, no creditors have objected or filed a motion concerning an interest in Debtors' property, and that fact satisfies the fifth *Hess* criteria of whether any party would be prejudiced if debtor's case were allowed to proceed.

In Debtor's opposition papers to the United States Trustee's motion to dismiss, counsel explains that it was his misunderstanding of the amendments to the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") that led his failure to file a credit counseling certificate with Debtors' petition or request an extension. Simply, if not for the mistake of counsel, Debtors would have been in compliance with the Code. This Court finds that this fact satisfies the third and fourth elements of *Hess*.  There is no reason to doubt that Debtors would have been granted a waiver if counsel filed a properly pled request. Furthermore, this Court finds that Debtors reasonably relied on their counsel to guide them through the process of preparing and filing their petition.  Therefore, the fact that counsel erred in his interpretation of Section 109(h)(3) was out of debtors' control and they should not be denied relief because of it.  *Cf. In re Elmendorf*, 345 B.R. at 491 ("… Congress did not intend for debtors' protections under BAPCPA to be limited in a future bankruptcy filing where a debtors' failure to comply with § 109(h) was obviously done out of ignorance …."); *Adams v. Finlay*, 2006 WL 3240522 at *2 ("The consolidated structure of BAPCPA is such that no rational *pro se* litigant or attorney would intentionally fail to satisfy Section 109(h).").

In the Hart matter, Debtor's motion for an extension of time to file her credit-counseling certificate was unsigned. This Court denied Debtor's motion for this reason only. As the case with Mr. and Mrs. Nichols, Ms. Hart was a first time bankruptcy filer the Court presumes her good faith and thereby satisfies the first *Hess* criteria. Also, Ms. Hart obtained credit counseling within 30 days of filing her petition. This Court finds that this fact satisfies Hess's second element, because Ms. Hart did everything in her power to comply with the Code. Furthermore, *Hess's* fifth element is satisfied since no creditors filed a motion concerning any interest in debtor's property between the time of the filing of her petition and the filing of her credit counseling certificate.

During the hearing on the United State's Trustee's motion to dismiss Ms. Hart's petition, debtor's counsel explained he inadvertently filed with the Court an unconformed copy of debtor's motion to obtain a waiver under Section 109(h). In fact, Ms. Hart had signed the motion and in the process of electronically filing, the unsigned copy was filed instead. Moreover, Debtor's counsel believed the Court would grant Debtor's amended motion once he filed a signed version, and, had the Court considered the amended motion, it would have been granted. The Court finds that these circumstances satisfy *Hess's* second, third, fourth and sixth factors. The fact that Debtor's counsel inadvertently misfiled her motion requesting an extension of time to obtain credit counseling is an act beyond Debtor's control (*Hess*'s third element). Moreover Debtor obtained credit counseling within 30 days of filing her amended motion. This Court finds that these facts independently satisfy the second and fourth elements of *Hess* since Debtor took all reasonable steps to comply with the statutory requirements of 11 U.S.C. Section 109 and her motion, if properly filed by her attorney, would have been granted.

In both instances, attorney error was the sole cause of Debtors' noncompliance with 11 U.S.C. Section 109(h)(1). This Court acknowledges the general proposition "if a debtor suffers adverse legal consequences as a result of attorney error, the debtor's recourse is against the attorney …." *In re Ginsberg,* 2006 WL 3353810 at *3. The Court believes this proposition may apply where the Court has to balance whether a client or adverse party may be prejudiced, but this is not an issue for consideration where, as here, no party would be harmed.[8]

Courts have held that the "dismissal of a case due to attorney error may seem harsh but is not manifestly unjust." *Id.* (citing *In re Hedquist* 342 B.R. 295, 301 (8th Cir. B.A.P. April 21, 2006)). Under the facts described in the Hart and Nichols matters, this Court disagrees. Contrary to the *Ginsberg* court's assertion, many debtors seek bankruptcy relief to avoid irreparable harm. Thus, dismissal of a bankruptcy case will often cause debtors to be irreparably harmed, and this result is unjust when it arises from attorney error that has not resulted in harm to any other party in interest.

---

[8]    Moreover, the consequences for debtors under the *Ginsberg* court's proposition are unsatisfactory under these circumstances. To illustrate, a debtor whose petition is dismissed under circumstances suggested in *Ginsberg* may decide to file suit against their former counsel, possibly *pro se*, in order to obtain compensation for the harm caused them. Debtors may also be forced to proceed *pro se* with their second bankruptcy because their financial circumstances do not lend themselves to hiring new counsel and they no longer wish to be represented by their current counsel. Moreover, if Debtors file a second bankruptcy petition within one year after being dismissed, the automatic stay under 11 U.S.C. Section 362 may (depending on whether the first filing is dismissed or stricken) be limited to 30 days unless they prove their second petition was filed in good faith.

The Court acknowledges that none of these illustrations are clear-cut outcomes of the *Ginsberg* court's solution. But this Court believes that even the possibility of debtors being forced into one of these situations is too high of a price to pay for the unintentional or perhaps blameless failure to obtain credit counseling or an extension time thereof.

More importantly, this Court does not believe that BAPCPA intended the failure to obtain credit counseling to have consequences so far reaching that it would require debtors to sue their legal representatives as a substitute for bankruptcy relief or prejudice debtors' subsequent efforts to seek bankruptcy relief.

## **CONCLUSION**

Based on the forgoing, after a careful review of the totality of the circumstances presented, the court finds that enforcing a strict interpretation of Section 109(h) would result in a manifest injustice for Mr. and Mrs. Nichols and Ms. Hart.

It is the Court's belief that Congress did not intend for debtors to be denied relief under the Bankruptcy Code under these circumstances.  As the record reflects, the Debtors have taken every act in their power, went through the required credit counseling and would have been permitted a waiver under Section 109(h)(3) but for a reason outside of their control.

The Court has issued separate orders denying the United States Trustee's motions in both cases.


Dated:  Poughkeepsie, New York
        February 9, 2007

                                            /s/ Cecelia Morris
                                            _____
                                            Honorable Cecelia G. Morris
                                            United States Bankruptcy Judge